** Summary **
ELECTED OFFICIAL — STATUS OF RELATIVES EMPLOYED BY SAME GOVERNING BODY Where a person is elected a member of a Governing Body within the State of Oklahoma, at which time the elected official has relatives then employed by said Governing Body on a month to month or continuous basis, who are related to him by affinity or consanguinity within the third degree, then under the provisions of 21 O.S. 481 [21-481] through 21 O.S. 487 [21-487] (1971), the Governing Body must terminate the employment of said employees when the elected official takes office; provided, however, that those employees employed by contract prior to the election of the relative to the Governing Body may continue their employment for the contractual period. The Attorney General has considered your opinion request wherein you ask, in effect, the following question: Where a person is elected a member of a Governing Body within the State of Oklahoma, at which time the elected official has a niece, a nephew and a son, then employed by said Government Body, all of whom are related to him by affinity or consanguinity within the third degree; then under 21 O.S. 481 [21-481] through 487, must the Governing Body terminate the employment of the niece, nephew and son, all of whom are month to month employees, when the elected official takes office? Title 21 O.S. 484 [21-484] (1971), provides: "Any person related within the third degree by affinity or consanguinity to any member of either the legislative, judicial or executive branch of the State Government shall not be eligible to hold any clerkship, office, position, employment or duty in such branch of the State Government." Section 21 O.S. 486 [21-486] of said Act provides: "Every person guilty of violating the provisions of this Article, shall, independently of, or in addition to any criminal prosecution that may be instituted, be removed from office according to the mode of trial and removal prescribed in the Constitution and laws of this State." In defining the governmental areas affected by the Act, Section 487 provides: "Under the designation executive, legislative, ministerial or judicial officer as mentioned herein are included the Governor, Lieutenant Governor, Speaker of the House of Representatives, Corporation Commissioners, all the heads of the departments of the State Government, judges of all the courts of this State, mayors, clerks, councilmen, trustees, commissioners and other officers of all incorporated cities and towns, public school trustees, officers and boards of managers of the State University and its several branches, State Normals, the penitentiaries and eleemosynary institutions, members of the Commissioners Court, and all other officials of the State, district, county, cities or other municipal subdivisions of the State." The intent of the Legislature in passing the act was expressed by the court in Reddell v. State, 170 P. 273, 14 Okl. Cr. 199: ". . . It was the intention of the Legislature to prevent the filling of subordinate offices, positions, employments, or duties of trust which are of a continuous nature, either provided by law or necessarily required to carry out the duties imposed by law on any such department." The Attorney General has issued several opinions that relate to the continued employment of individuals who have relatives within the third degree appointed or elected to office. In an opinion dated April 10, 1952, to Oliver Hodge, State Superintendent of Public Instruction, the Attorney General stated that a bus driver, whose wife's uncle has been elected to the board of education of a school district by which the bus driver is employed could not legally be re-employed for the school year of 1952-53, if, at the time of his re-employment, his wife's uncle was still a member of said board of education, but said bus driver could legally be paid the remaining two months of the school year in order to complete the contract he entered into before the election of his wife's uncle. The opinion held that the validity of a contract with a school district is determined at the time it is entered into and the subsequent election of an uncle of an employee of the school district does not make the contract valid. This opinion was reaffirmed in Opinion No. 66-185 to Oliver Hodge, State Superintendent of Public Instruction. The Attorney General has reviewed both opinions, finds them to be legally correct and reaffirms same. Since the fact situation you present in your opinion request states the employees' employment is from month to month but of a continuous nature, meeting the requirements of Reddell, supra, said employees would be subject to dismissal pursuant to Section 486 of the Act. The only exception would be where the employees were employed under contract prior to the election of the relative thereby allowing them to continue their employment for the contractual period. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Where a person is elected a member of a Governing Body within the State of Oklahoma, at which time the elected official has relatives then employed by said Governing Body on a month to month or continuous basis, who are related to him by affinity or consanguinity within the third degree, then under the provisions of 21 O.S. 481 [21-481] (1971) through 487, the Governing Body must terminate the employment of said employees when the elected official takes office; provided, however, that those employees employed by contract prior to the election of the relative to the Governing Body may continue their employment for the contractual period. (Mike D. Martin) (Nepotism) ** OPINION OVERRULED BY OPINION NO. 88-045 (1988) ** ** SEE: OPINION NO. 89-625 (1989) ** SEE: OPINION NO. 87-502 (1987) ** SEE: OPINION NO. 87-503 (1987)